## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| BRUCE HOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-cv-145 |
| | ) | |
| METAL PLATE POLISHING INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is a Motion for Sanctions for Failure to Preserve Evidence (Docket # 29) filed by Plaintiff Bruce Hogan. In his motion, Hogan seeks sanctions, in particular an adverse inference instruction or exclusion of argument, against Defendant Metal Plate Polishing Inc. ("MPP"), asserting that it failed to preserve certain evidence and that such failure has "severely prejudiced" his case. (Pl.'s Mot. for Sanctions for Failure to Preserve Evidence 5.) MPP filed a response to Hogan's motion on August 22, 2008 (Docket # 30); Hogan, however, has failed to file a reply, and his time to do so has now passed.

For the following reasons, Hogan's motion will be DENIED.

### *A. Factual and Procedural Background*

MPP, a company engaged in the business of electro plating and polishing of metals, hired Hogan, who is African-American, to work as a "polisher" in September 1997; it terminated him almost nine years later on August 1, 2006, citing purported deficiencies in his performance. (Op. & Order, Aug. 4, 2008, at 2.) Hogan filed this suit against MPP on June 21, 2007, asserting that MPP discriminated against him on the basis of his race and age, and then retaliated against

him, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act.[1] (Docket # 1.)

On May 1, 2008, discovery closed, and on May 30, 2008, MPP filed a motion for summary judgment on all claims. (Docket # 23-24.)  In response to MPP's motion for summary judgment, Hogan asserted, apparently for the first time, that MPP failed to preserve certain evidence, that is, the daily time tickets of its employees. (Docket # 25.)  In its Opinion and Order denying MPP's motion for summary judgment (Docket # 28), the Court summarily denied Hogan's request for sanctions, explaining that he failed to request the relief in a separate motion in accordance with Local Rule 7.1(b); the Court noted, however, that Hogan was free to file a separate motion for sanctions that was compliant with Local Rule 7.1(b). (Op. & Order, Aug. 4, 2008, at 19 n.21.)

Hogan filed the instant motion on August 15, 2008 (Docket # 29), requesting that the Court impose sanctions against MPP for its failure to preserve the time tickets, contending that without this evidence he is "severely prejudiced" because he "cannot make the required comparison to the full complement of similarly situated employees."[2] (Mot. for Sanctions 4-5.) Hogan explains that he questioned Greg Vinson, his immediate supervisor, about the daily time tickets at his deposition:

---

[1] Subject matter jurisdiction arises under 28 U.S.C. § 1331.  Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting.

[2] More particularly, Hogan explains that during his employment at MPP, the staff were required to complete daily time tickets recording their production output and were encouraged to document on the tickets any problems that affected their ability to meet MPP's quotas. (Vinson Dep. 23.) In response to Hogan's request for the production of these daily time tickets for polishers during the period of January 1, 2002, to August 1, 2006, MPP produced only eleven daily time tickets, five of which were Hogan's. (Def.'s Resp. to Pl.'s First Req. for Produc. of Docs. No. 21.)

2

> Q: Do you have all the first shift daily time tickets?
>
> A: Not all of them, but I have some. I think I have - I have them to Tom Maddux to review.
>
> * * * *
>
> Q: I'm confused and unclear. You help me understand how you decide which daily time tickets to throw away?
>
> A: By - I don't - it's really not a conscious decision on which I decide. I have - the owner do[es]n't require me to keep them. You know what I mean? I don't have to keep them, but I keep, just for my records, I keep a lot of stuff. I'm like a pack rat, so I keep as many as I can, but if they get overflowing, I just throw them away.

(Vinson Dep. 39, 42.) Thus, Vinson admitted that he retained daily time tickets on some employees but discarded those of other employees. (Vinson Dep. 41-42.) On that score, Lee Biddle, another member of MPP's management, testified that MPP has no company-wide policy on retention of records or, more specifically, the retention of daily time tickets.[3] (Biddle Dep. 12.)

Hogan requests that the Court sanction MPP "as the Court deems appropriate" for MPP's failure to preserve evidence. (Mot. for Sanctions 7.) He contends that "such sanctions should at least bar MPP's argument or presentation of any evidence at trial that [his] work performance was deficient in any manner" and, additionally or alternatively, that "the jury should be

---

[3] Hogan further points out that in response to an interrogatory concerning what steps MPP has taken to preserve evidence in this matter, MPP answered: "All relevant and pertinent evidence surrounding Plaintiff's employment was preserved in his personnel file, which was/is under the supervision and control of Tom Maddux." (Def.'s Answers to Pl.'s First Interrogs. No. 2.) And, in response to another interrogatory inquiring whether all of the daily time tickets for polishers for the time period of January 1, 2002, to August 1, 2006, exist and are in MPP's "custody and control," MPP responded: "Biddle and Vinson have custody and control over many of the daily time tickets and have undertaken a good faith effort to gather and organize them, and are in the possession of Maddux." (Def.'s Answers to Pl.'s First Interrogs. No. 13.) In addition, in response to Hogan's request to produce all internal litigation hold letters or other internal communications directed MPP and its employees to preserve evidence in this matter, MPP stated: "None." (Def.'s Resp. to Pl.'s First Req. for Produc. of Docs. No. 2.)

instructed regarding the negative inference resulting from the missing evidence." (Mot. for Sanctions 7.) MPP, of course, opposes Hogan's motion, arguing that he has failed to produce any evidence of the "willful destruction" of evidence. (Def.'s Objection to Pl.'s Mot. for Sanctions for Failure to Preserve Evidence ("Resp. Br.") ¶ 2.) Regardless, MPP emphasizes that Hogan's motion should be summarily denied because he failed to confer in good faith with MPP to settle the dispute in accordance with Local Rule 37.1. (Resp. Br. ¶¶ 6-8.)

### *B. Applicable Legal Standard*

"[C]ourts have found a spoliation sanction to be proper only where a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent." *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). "Sanctions for spoliation of evidence include awarding reasonable expenses, attorney fees, barring evidence or arguments, permitting adverse inferences, and dismissing claims." *Krumwiede v. Brighton Assocs.*, No. 05 C 3003, 2006 WL 1308629, at *9 (N.D. Ill. May 8, 2006) (citing Fed. R. Civ. P. 37(b)(2)(A)-(D)). "Any sanctions must, however, be proportionate to the circumstances surrounding the failure to comply with discovery." *Id*.

On that score, "[a]n employer's destruction of or inability to produce a document, standing alone, does not warrant an inference that the document, if produced, would have contained information adverse to the employer's case." *Park v. City of Chicago*, 297 F.3d 606, 615 (7th Cir. 2002). Rather, in order to draw an inference that destroyed evidence contained adverse information, "we must find that [the party] intentionally destroyed the documents in bad faith." *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 644 (7th Cir. 2008); *see also Trask-Morton*, 534 F.3d at 681. "Thus, the crucial element is not that evidence was destroyed but rather the

4

reason for the destruction." *Faas*, 532 F.3d at 644 (quoting *Park*, 297 F.3d at 615) (internal quotation marks omitted)). "A document is destroyed in bad faith if it is destroyed for the purpose of hiding adverse information." *Id*. (quoting *Rummery v. Ill. Bell Tel. Co.*, 250 F.3d 553, 558 (7th Cir. 2001) (internal quotation marks omitted)); *see also Trask-Morton*, 534 F.3rd at 681.

*C. Discussion*

On this record, the facts surrounding MPP's destruction of the daily time tickets do not support the imposition of an inference that the destroyed tickets would have been unfavorable to MPP, or for that matter, any other sanction.

To explain, there is absolutely no evidence of record indicating that MPP discarded the daily time tickets "in bad faith," that is, "for the purpose of hiding discriminatory information." *Diersen v. Walker*, No. 00 C 2437, 2003 WL 21317276, at *3 (N.D. Ill. June 6, 2003); *see also Park*, 297 F.3d at 615. Rather, Vinson testified just the opposite – that he made "no conscious decision" about which daily time tickets to retain, simply stating that "if they get overflowing, [he] just throw[s] them away." (Vinson Dep. 42.) Thus, the evidence suggests that Vinson simply destroyed the daily time tickets in the ordinary course of business. *See Diersen*, 2003 WL 21317276, at *7 (concluding that sanctions were not warranted because the evidence established that the records were destroyed in the ordinary course of business); *see also In re Kmart Corp.*, 371 B.R. 823, 853 (Bankr. N.D. Ill. 2007) (declining to find that documents were destroyed in bad faith where they were destroyed pursuant to defendant's ordinary course document deletion policies). Absent evidence of bad faith destruction, the Court will not presume that the content of the destroyed daily time tickets was unfavorable to Hogan. *See, e.g.*, *Diersen*, 2003 WL

5

21317276, at *7.

Furthermore, MPP states that it has no formal record retention policy. Thus, Vinson's destruction of the tickets did not violate any type of established MPP policy or protocol. *Cf. Brown & Williamson Tobacco Corp. v. Jacobson & CBS*, 827 F.2d 1119, 1134-36 (7th Cir. 1987) (applying adverse inference presumption where employee selectively destructed documents he knew were relevant to the litigation, where he violated employer's document retention policy, and where he offered no credible justification for the destruction).

Admittedly, MPP had a duty to inform its employees to preserve documents related to Hogan's litigation once it knew, or should have known, that Hogan's litigation was imminent, *Trask-Morton*, 534 F.3d at 681, a duty it allegedly failed to uphold. (*See* Def.'s Resp. to Pl.'s First Req. for Produc. of Docs. No. 2 (admitting that it had no responsive documents to produce concerning any litigation holds).) And thus, it could be argued that MPP is not beyond reproach in this matter. *See China Ocean Shipping (Group) Co., v. Simone Metals Inc.*, No. 97 C 2694, 1999 WL 966443, at *3 (N.D. Ill. Sept. 30, 1999) ("The duty to preserve evidence includes any relevant evidence over which the non-preserving entity had control and reasonably knew or could reasonably foresee was material to a potential legal action."). The problem, however, is that no one argues when MPP should have begun retaining documents *vis-a-vis* when the daily time tickets were actually tossed. More to the point, the vast majority of the requested documents were likely thrown away well before litigation even appeared on the horizon.

Regardless, as MPP emphasizes, Hogan did not file a Local Rule 37.1 certification with his motion stating that he "in good faith conferred or attempted to confer with [MPP] in an effort to resolve the matter without court action," which is fatal to his request for sanctions. N.D. Ind.

L.R. 37.1(b); *see, e.g.*, *Pinkham v. Gen. Prods. Corp.*, No. 1:07-cv-174, 2007 WL 4285376 (N.D. Ind. Dec. 3, 2007) (denying motion to compel in a summary manner due to defendant's failure to file a good faith "certification" in accordance with Local Rule 37.1). Apparently, MPP did not learn of the dispute until June 30, 2008, some sixty days *after* the close of discovery.

Moreover, Hogan failed to submit a reply brief to MPP's arguments. Therefore, a fair reading of the record suggests that Hogan has chosen to abandon his request for sanctions. *See Mercatus Group LLC v. Lake Forest Hosp.*, 528 F. Supp. 2d 797, 810 (N.D. Ill. 2007) (assuming that defendants "appear to have abandoned" an argument by failing to address it in their reply brief); *Ariens Co. v. Woods Equip. Co.*, No. 05-C-139, 2006 WL 2597979, at *4 n.7 (E.D. Wis. Sept. 9, 2006) (same).

Therefore, for all of the foregoing reasons, Hogan's request for sanctions is unpersuasive.

### *D. Conclusion*

Plaintiff's Motion for Sanctions for Failure to Preserve Evidence (Docket # 29) is DENIED.

SO ORDERED.

Enter for September 12th, 2008.

S/ Roger B. Cosbey  
Roger B. Cosbey  
United States Magistrate Judge